■ EDWIN SIFONTE, an Infant, by His Father and Natural Guardian, RAFAEL SIFONTE, et al., Respondents, v CAROL GARDENS HOUSING COMPANY, INC., Defendant, and PLAZA ASHPHALT PAVING OF WESTCHESTER, INC., Appellant.—Order, Supreme Court, Bronx County, entered July 31, 1978, which, inter alia, struck defendant's answer and granted summary judgment to the plaintiffs against the defendant Plaza Asphalt Paving of Westchester, Inc., and directed an inquest for the assessment of damages, unanimously reversed, on the facts and in the exercise of discretion, without costs or disbursements, to the extent of denying plaintiffs' motion to strike the answer on condition that counsel for the defendant Plaza Asphalt Paving of Westchester, Inc., pay the plaintiffs $300 costs. In the event defendant fails

to comply with this condition, the order is affirmed with costs and disbursements. Settle order providing for dates of deposition and providing date for payment of costs. Plaintiff Edwin Sifonte allegedly was injured on a sidewalk in the apartment complex of Carol Gardens Housing Company, Inc. Plaintiffs sued Carol Gardens and the contractor who installed the sidewalks, Plaza Asphalt Paving of Westchester, Inc. This action was commenced in February, 1969 and issue was joined in December, 1969. Examinations before trial were scheduled and repeatedly adjourned from September, 1971 through October, 1973. In December, 1976, Plaza made a motion to compel examinations. Special Term directed that examinations begin on June 23, 1976, but they were again adjourned. On October 29, 1976, Plaza produced the witness Cribari, who was examined. A further examination was directed by order of Special Term, to be held on October 20, 1977. Plaza did not appear. Plaintiffs moved to compel Plaza's appearance. Justice Quinn, in an order dated May 1, 1978, directed that the examination of Plaza be held on May 24, 1978. Plaza failed to appear. Plaintiffs then moved to strike Plaza's answer. Special Term granted the motion, and we would reverse. The cause of the repeated adjournments of discovery proceedings in this 10-year-old action are sharply disputed by the parties. The defendant claims that the plaintiffs have been sleeping on their rights. Plaintiffs claim deliberate delay of defendant by not producing appropriate witnesses for examination. The latest defaults of defendant to appear for examination were attributed to law office failure. In view of the delay occasioned by the actions of all concerned, and in view of the lack of willfulness of the defaulting defendant, we find that it was improvident to grant the drastic remedy of striking defendant's answer and granting summary judgment (*Rodriguez v Sklar*, 56 AD2d 537, 538). We have reversed the order of Special Term accordingly. Settle order as indicated above. Concur—Murphy, P. J., Sullivan, Bloom, Lane and Lupiano, JJ.