# (March 13, 1984)

■ MARIE PIERETTI et al., Respondents, v FLAIR DÉART INC. et al., Appellants. — Appeal from the order of the Supreme Court, New York County (Klein, J.), entered August 2, 1983, (i) granting the plaintiffs' motion for a default judgment and (ii) denying the defendants' cross motion for a change of venue, dismissed as superseded by the appeal from the order entered October 26, 1983. ¶ Order, Supreme Court, New York County (Klein, J.), entered October 26, 1983, denying defendants' motion for renewal, reversed, on the law and the facts, and (i) plaintiffs' motion for default judgment is denied, (ii) defendants are granted leave to serve their answers within 20 days after service of a copy of the order to be entered herein, and (iii) defendants' cross motion for a change of venue to Queens County is granted, without costs. ¶ In this personal injury action, plaintiff Marie Pieretti alleges that she was caused to trip upon a cord

or wire in a beauty salon owned by defendant Flair DéArt Inc. Defendant Tom Fisher, a hairdresser, was attending to the plaintiff at the time. Upon the original motion and cross motion, defendants did not submit an affidavit of merits. However, upon renewal, defendant Fisher submitted an affidavit stating that there were not any cords or wires upon the floor. It was Fisher's opinion that plaintiff, 73 years of age, might have tripped upon her "open-back" shoes. The Fisher affidavit sufficiently demonstrates that a meritorious defense exists to the action. ¶ The defendants' principal reason for defaulting must be characterized as "law office failure". Specifically, the defendants' carrier, General Accident, delayed in forwarding papers from its Queens office to its New York office. Nonetheless, the defendants' default was relatively short. Moreover, the plaintiffs have not shown that they have been prejudiced. Under these circumstances, defendants' excuse for the default is reasonable and will be accepted (CPLR 2005, 3012, subd [d]). ¶ With regard to defendants' cross motion to change venue to Queens County, plaintiffs have not shown that any of the parties reside in New York County (CPLR 503, subd [a]). Since the defendants' proof suggests that all parties reside in Queens County, we grant the cross motion changing venue. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Alexander, JJ.