■ JAMES MUFALLI, Respondent, v FORD MOTOR COMPANY et al., Defendants, and EMPIRE FORD SALES CO., INC., Appellant. — Order of Supreme Court, Bronx County (Irwin Silbowitz, J.), entered May 9, 1983, granting the cross motions by two of the defendants (including appellant) to dismiss the action for failure to serve a complaint in a timely fashion, unless plaintiff served a complaint within 20 days, is affirmed, with costs.

Plaintiff commenced this $2.5 million personal injury action against the automobile manufacturer, sales agency and repair shop in January, 1983. The sales agency, Empire Ford Sales Co., Inc. (Empire), served its notice of appearance and demand for a complaint on February 8, 1983. On March 31, plaintiff moved for disclosure for the purpose of framing a complaint. Empire and the manufacturer separately cross-moved for dismissal of the action under CPLR 3012 (subd [b]) for failure to serve a complaint in a timely fashion. Special Term granted the cross motions unless plaintiff served a complaint within 20 days. Plaintiff's motion for discovery was denied without prejudice. The complaint was subsequently served.

Empire appeals on the ground that the action should have been dismissed unconditionally. We believe the conditional dismissal was well within Special Term's discretionary authority.

CPLR 3012 (subd [d]), which became effective for all pending actions in June, 1983, grants the court discretionary power to extend the time to plead, or to compel acceptance of a pleading untimely served, "upon such terms as may be just and upon a showing of reasonable excuse for delay". There was no formal application for such an extension. However, in our view the court's discretionary authority to grant such relief *sua sponte* is in keeping with the spirit and purpose of this amendment to the CPLR, which generally views with liberality the excusing of nonprejudicial defaults (see memorandum of Office of Court Administration accompanying the enactment of L 1983, ch 318, McKinney's Session Laws of NY, 1983, pp 3014, 3016).

The dissent would dismiss the action unconditionally for plaintiff's failure to respond to the dismissal cross motion with an affidavit of merit in accord with the disposition in *Stolowitz v Mount Sinai Hosp.* (60 NY2d 685). However, there the plaintiff failed for nine months to serve a complaint, and concededly presented no affidavit of merits. Moreover, the sufficiency of a statement of the merits of the case is ordinarily to be left to the discretion of Special Term (*Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695). In our case, which involved only a three-and one-half month delay between demand and service of the complaint, plaintiff's attorney did submit an affirmation explaining the reason for the delay, viz., data necessary for the framing of a complaint were still in the exclusive hands of the defendants. Indeed, this was the stated reason for plaintiff's disclosure motion.

There was also an affirmation of merit, incorporating by reference a signed statement by appellant Empire's service manager to the effect that the truck involved had an unrepairable front-end vibration condition which caused the truck to shake while driving and the doors and hood to fly open and caused breakage of the power steering line and cooler. Plaintiff's attorney's affirmation stated: "The plaintiff was involved in an accident on April 2, 1980, in which his 1979 Ford Model F-600 truck was totalled. The accident resulted from the total failure of the braking system which occurred after the cab and front end of the vehicle began vibrating."

This, coupled with appellant's service manager's statement, more than adequately set forth the merits of the claim. It was more than a mere conclusory or hearsay statement by the attorney. Rigid adherence to a requirement that there be an

affidavit of merit by the party himself ignores the purpose and intent of CPLR 3012 (subd [d]), which was to reserve this decision to the discretion of the court entertaining the motion. "The Legislature specifically intended, that in cases of short delay a showing of the merits (by affidavit * * *) would not be a condition precedent to obtaining relief under CPLR 3012(d), although the merits of the applicant's case may sometimes be an appropriate factor for the court's consideration." (3 Weinstein-Korn-Miller, NY Civ Prac, par 3012.18.)

As stated by the bill's Senate sponsor: "[A]lthough the language of [the new CPLR] 3012(d) is substantially identical to that of 5015(a) [motion for relief from a judgment or order], there is no intent to extend the full judicial gloss on 5015(a) to the new provision. Specifically, while the merits of the applicant's case may sometimes be an appropriate factor for consideration, routine insistence on a showing of merits in cases of short delay would be an unwarranted burden". (Memorandum of Senator Stafford, NY Legis Ann, 1983, p 144.)

The merits of the case having been stated sufficiently, and the delay in serving a complaint not having been inordinate, we view the conditional nature of the order at Special Term to have been a proper exercise of discretion. Plainly there was not an abuse of discretion as a matter of law. Concur — Sandler, J. P., Fein and Kassal, JJ.

Silverman, J., dissents in a memorandum as follows: I would modify the order appealed from so as to grant defendants' cross motion to dismiss unconditionally.

Plaintiff began the action by service of a summons without a complaint and defendant-appellant, Empire Ford Sales Co., Inc., served its notice of appearance and demand for a complaint on February 8, 1983. Thus the complaint was due at the end of February. The complaint had not yet been served by the end of March when plaintiff served a notice of motion for disclosure for the purpose of framing the complaint, or by April 11 when defendant-appellant cross-moved to dismiss for failure to timely serve a complaint pursuant to CPLR 3012; and indeed, the complaint had not yet been served nor apparently any extension applied for on May 9, 1983, when the court conditionally granted defendants' motion to dismiss (unless plaintiff within 20 days serve. a complaint).

As plaintiff was in default, an affidavit of merits was required. (*Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685.) There was an affirmation in somewhat general terms by plaintiff's attorney who presumably had no personal knowledge of the facts; that affirmation must therefore be disregarded. The only other proof

of merits submitted is a statement by a service manager of defendant Empire Ford Sales Co., Inc. indicating that the car involved shook and vibrated while driving. But there is still no statement by anyone having knowledge of the facts: (a) that there was an accident; (b) that the accident was caused by this defect; or (c) that plaintiff was injured in the accident. Thus plaintiff has wholly failed to meet his obligation to furnish an affidavit of merits.

"Because of this deficiency it was error as a matter of law not to grant the motion to dismiss without condition." (*Stolowitz v Mount Sinai Hosp.,* 60 NY2d, at p 686.)