■ Louis Shure et al., Respondents, v Village of Westhampton Beach, Inc., Appellant.—Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on November 21, 1985, which deemed defendant's motion to vacate the court's order of July 2, 1985, granting plaintiffs' motion for a default judgment and directing an assessment of damages, as a motion for reargument and denied the motion in all respects, is unanimously reversed, on the law, the facts and in the exercise of discretion, defendant's motion is deemed a motion for renewal and, upon renewal, the motion to vacate the default is granted without costs or disbursements.

Defendant's motion should properly have been treated as a motion to renew, rather than to reargue, since it was based upon the additional matters set forth in the affidavit of merit. In that regard, Special Term should have granted the motion

to renew and, upon renewal, granted the request to vacate the default judgment. Defendant's delay in interposing an answer was relatively short (14 days); there was a reasonable excuse offered for the delay, which was largely attributable to law office failure in that defendant's insurer apparently took a long time to forward certain papers to defendant's counsel; defendant has demonstrated an arguably meritorious defense to the action against it; and plaintiffs have not shown any prejudice. *(Pieretti v Flair DéArt,* 99 AD2d 980.) Moreover, as this court stated in *Mufalli v Ford Motor Co.* (105 AD2d 642, 643): "CPLR 3012 (subd [d]), which became effective for all pending actions in June, 1983, grants the court discretionary power to extend the time to plead, or to compel acceptance of a pleading untimely served, 'upon such terms as may be just and upon a showing of reasonable excuse for delay'. There was no formal application for such an extension. However, in our view the court's discretionary authority to grant such relief *sua sponte* is in keeping with the spirit and purpose of this amendment to the CPLR, which generally views with liberality the excusing of nonprejudicial defaults (see memorandum of Office of Court Administration accompanying the enactment of L 1983, ch 318, McKinney's Session Laws of NY, 1983, pp 3014, 3016)."

Thus, despite the fact that the affidavits of merit submitted by defendant may not be entirely sufficient, the " 'Legislature specifically intended that in cases of short delay a showing of the merits (by affidavit * * *) would not be a condition precedent to obtaining relief under CPLR 3012(d), although the merits of the applicant's case may sometimes be an appropriate factor for the court's consideration.' " *(Mufalli v Ford Motor Co., supra,* at p 644.) For all of the foregoing reasons, the default judgment should be vacated. Concur—Sullivan, J. P., Asch, Fein, Milonas and Ellerin, JJ.