■ Ines Castillo, an Infant, by Her Mother and Natural Guardian, Angela Pena, et al., Respondents, v Pedro R.

GARZON-RUIZ et al., Appellants. [736 NYS2d 37] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 3, 2001, which denied defendants' motion to renew their cross motion, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and, upon renewal, defendants' default vacated, plaintiffs directed to accept the answer, and the matter remanded to Supreme Court for further proceedings. Appeal from order, same court and Justice, entered on or about February 21, 2001, which granted plaintiffs' motion for a default judgment and directed the parties to proceed to inquest for an assessment of damages, and which denied defendants' cross motion for an order compelling plaintiffs to accept defendants' late answer, unanimously dismissed, without costs, as academic.

Following service in late October 2000, plaintiffs advised defendants' insurance carrier to serve and file an answer on its insureds' behalf within 30 days or face a motion for judgment by default. When no response was forthcoming, plaintiffs applied, on December 13, 2000, for an order permitting them to proceed to inquest (CPLR 3215 [b]). By notice of cross motion dated January 22, 2001, defendants moved for an order compelling plaintiffs to accept service of the verified answer on behalf of defendants (CPLR 3012 [d]). By way of opposition, defendants' attorney submitted an affirmation stating that his law firm was not retained until December 27, 2000, on which date the firm had contacted plaintiffs' attorney seeking an extension of the time to answer. In support of the cross motion, defendants submitted the report of motor vehicle accident form submitted by the driver of defendants' vehicle, Pedro A. Garzon-Ruiz, to the New York State Department of Motor Vehicles (DMV). In granting plaintiffs' motion, Supreme Court noted that the report was inadmissible hearsay that does not constitute proof of a meritorious defense.

Defendants subsequently submitted a motion for renewal, stating that counsel had been unsuccessful in previously locating defendants at the address provided in the DMV accident report. With the renewal motion, defendants submitted an affidavit of merit from Pedro A. Garzon-Ruiz, as well as the police report of the accident, which reflects said defendant's new address. Notwithstanding this evidence, Supreme Court held that defendants had not provided an excuse for their default and denied the renewal motion. The court noted that defendants had failed to supply any explanation for the insurance carrier's lack of response to plaintiffs' notice of intention to move for a default judgment.

We would agree that defendants' submissions on the original motion were insufficient (*Figueroa v Luna*, 281 AD2d 204, 205 [accident report is not competent evidence to support vacatur of default]). Even within the context of a motion to compel acceptance of the answer (CPLR 3012 [d]), it is within the discretion of the motion court to assess the sufficiency of the movant's submissions (*Mufalli v Ford Motor Co.*, 105 AD2d 642, 643, citing *Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695). However, we exercise our discretion to grant the motion to renew.

The failure by defendants' insurance carrier to respond to plaintiffs' original notice constitutes law office failure, which is excusable in the discretion of the court in the interests of justice (CPLR 2005; *Tishman Constr. Corp. v City of New York*, 280 AD2d 374, 376-377 [renewal granted upon facts known at time of original motion]). The two-month lag occasioned by the delay in retaining counsel was brief, and plaintiffs have not demonstrated that they sustained any consequent prejudice (*Shure v Village of Westhampton Beach*, 121 AD2d 887, 888; *see also, Pieretti v Flair DeArt*, 99 AD2d 980, 981). The affidavit of defendant Pedro A. Garzon-Ruiz confirms his change of address and states that defense counsel was not previously in possession of the police accident report; thus, it sets forth a reasonable excuse for the failure to produce this evidence on the original motion (CPLR 2221 [e] [3]). Furthermore, the affidavit states that the driver of plaintiffs' vehicle, which was traveling in the opposite direction, attempted to make a left turn at a time her visibility was obstructed by a vehicle ahead of her, also making a left turn. Therefore, defendants' submissions upon renewal state a meritorious defense to the action against them. Concur—Rosenberger, J.P., Ellerin, Wallach, Rubin and Marlow, JJ.