■ JOEL WEISSMAN, as Trustee of the Faye Levine Supplemental Needs Trust and as Executor of Lillian H. Levine, Deceased, et al., Appellants-Respondents, v 20 EAST 9TH STREET CORPORATION, Respondent-Appellant. [852 NYS2d 67]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered June 19, 2007, which granted defendant's motion to dismiss the complaint based on plaintiff Faye Levine's failure to comply with two prior orders directing her to submit to a medical examination by defendant's psychiatrist, and severed defendant's counterclaims seeking ejectment of the incapacitated person and related relief with leave to prosecute in Civil Court, unanimously modified, on the law, the facts and in

exercise of discretion, to grant the motion to the extent of precluding plaintiffs from presenting evidence at trial of plaintiff Faye Levine's medical condition, or of defendant's alleged discrimination based on that condition, unless Faye Levine is produced for a medical examination by defendant's psychiatrist within 90 days of service of copy of this order, in which event the motion for sanctions denied and the complaint and counterclaims reinstated, and otherwise affirmed, without costs.

Supreme Court, as we have encouraged trial courts to do (*see Figdor v City of New York*, 33 AD3d 560 [2006]), actively supervised disclosure and employed a proactive approach in dealing with plaintiffs' failure to produce plaintiff Faye Levine for an independent medical examination by defendant's psychiatrist. Nevertheless, under the unusual circumstances of this case, we are constrained to modify the order dismissing the complaint.

The remedy of striking a complaint pursuant to CPLR 3126 for failure to comply with a discovery order is appropriate only where the moving party demonstrates that the nondisclosure was willful, contumacious or due to bad faith (*see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]; *Christian v City of New York*, 269 AD2d 135 [2000]; *McGilvery v New York City Tr. Auth.*, 213 AD2d 322, 324 [1995]). Here, plaintiff Faye Levine failed to appear for an independent medical examination by defendant's psychiatrist due to significant mental illness, not willful or contumacious behavior. Accordingly, a sanction short of dismissal of the complaint, but one commensurate with Faye Levine's failure to appear for an independent medical examination (*see Grabow v Blue Eyes*, 123 AD2d 155 [1986]; *see generally* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8), is warranted if Faye Levine fails to appear for such an examination as directed above. Concur—Andrias, J.P., Nardelli, Williams and McGuire, JJ.