■ A. LOUIS SHURE, Appellant, v NEW YORK CRUISE LINES, INC., et al., Respondents, et al., Defendant. [874 NYS2d 42]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 26, 2007, which, upon reargument, granted defendants' motion to vacate a prior order restoring this action to the calendar and reinstate an earlier order dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied, the complaint reinstated, and the parties are directed to complete discovery within 60 days of service of a copy of this order.

Plaintiff was allegedly injured in 2001 when he fell on a defective gangplank ramp while boarding a cruise ship owned and operated by defendants. After initially participating in discovery, including providing authorizations to obtain medical records, plaintiff failed to provide medical authorizations concerning subsequent illnesses or to appear at a deposition or independent medical examination. He allegedly suffered strokes in October 2004 and January 2005, and had various other medical problems that required hospitalization or inpatient rehabilitation for extended periods of time from October 2004 until approximately September 2005.

The complaint was dismissed on default in November 2005 for plaintiff's failure to comply with discovery. In seeking to vacate that dismissal order and have the action reinstated, plaintiff detailed the medical conditions and hospitalization that purportedly prevented his compliance with discovery, and indicated that he had now sufficiently recovered to resume discovery.

Plaintiff's motion was granted on default in April 2007, and the action was reinstated on condition that he file proof of appearance for deposition within 60 days of entry of the court's reinstatement order. The following month, defendants moved to reargue, seeking reinstatement of the November 2005 dismissal of the complaint. The court granted that motion, citing periods of time between plaintiff's strokes in which some discovery could have been completed.

An action may be dismissed where a party refuses to obey an order for disclosure or willfully fails to disclose information the court finds ought to have been disclosed (CPLR 3126). Wherever possible, however, actions should be resolved on the merits. Litigants who have not replied expeditiously to notices for discovery and inspection should be afforded reasonable latitude before imposition of the ultimate sanction (*see Bassett v Bando Sangsa Co.*, 103 AD2d 728 [1984]), and a complaint should not be dismissed under these circumstances unless the failure to comply was willful, contumacious or due to bad faith (*Weissman*

*v 20 E. 9th St. Corp.*, 48 AD3d 242 [2008]). The court made no express findings in that regard.

Based on plaintiff's affidavit, it is likely that his medical problems interfered with his ability to complete the outstanding discovery. Prior to his first stroke, he actively participated in discovery. The periods of time when he was not hospitalized or in a rehabilitation facility between October 15, 2004 and September 1, 2005 were very brief. Defendants did not demonstrate that plaintiff had willfully failed to comply with the scheduling orders of the court. Dismissal of the complaint was too harsh a penalty under these circumstances. Concur— Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ.