■ CDR Créances S.A.S., as Successor to Societe de Banque Occidentale, Respondent, v Maurice Cohen et al., Appellants, et al., Defendants. CDR Créances S.A.S., as Successor to Societe de Banque Occidentale, Respondent-Appellant, v Leon Cohen et al., Appellants, et al., Defendants. [880 NYS2d 251]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered August 29, 2008, directing defendants Maraboeuf, Aich and Petetin to pay plaintiff $265,865,120.81, unanimously reversed, on the law and the facts, without costs, and vacated. Appeal from order, same court and Justice, entered August 13, 2008, unanimously dismissed, without costs, as subsumed in appeals from ensuing order and judgment. Order, same court and Justice, entered December 1, 2008, to the extent it denied the cross motions of defendants Cohen and Habib, and the subsequent motion of Maraboeuf, Aich and Petetin, to renew the August 13 order and vacate the default judgments entered against those defendants by that order, unanimously reversed, on the law and the facts, without costs, renewal granted, the answers of those parties reinstated, and the restraining orders, entered December 24, 2008, vacated. Judgments, same court and Justice, entered September 25, 2008, awarding plaintiff $268,067,132.33 and $268,067,157.33 against defendant World Business Center, inter alia, unanimously reversed, on the law

and the facts, without costs, and vacated. Appeals from orders, same court and Justice, entered January 30, 2009, which denied World Business Center's motions to renew or vacate default judgments against it by order entered August 13, 2008, unanimously dismissed, without costs.

While a court is vested with broad discretion to control its calendar and supervise disclosure in order to facilitate the resolution of cases, and the imposition of sanctions for discovery misfeasance is generally a matter best left to the trial court's discretion, the IAS court nonetheless improvidently exercised its discretion in granting default judgments against defendants-appellants. In view of the brief period between the first discovery order and the granting of the defaults (*see Castillo v Garzon-Ruiz*, 290 AD2d 288 [2002]), the magnitude of the judgments (*New York Annual Conference of United Methodist Church v Preusch*, 51 AD2d 711, 712 [1976]), and the lack of any specific prejudice to plaintiff (*Sosa v Kasim*, 48 AD3d 320 [2008]), reasonable latitude should have been afforded before imposing the ultimate sanction (*see Bassett v Bando Sangsa Co.*, 103 AD2d 728 [1984]). Moreover, given the sworn statements on behalf of these defendants that their prior counsel had failed to advise them of the need to appear for depositions, as well as their foreign residence and the facial merit of their defenses, the court erred in finding that their failure to comply was willful, contumacious or due to bad faith (*see Weissman v 20 E. 9th St. Corp.*, 48 AD3d 242 [2008]).

Plaintiff's contention on cross appeal that the inquest court erred in failing to award it punitive damages against Maraboeuf, Aich and Petetin is rendered academic by our vacatur of that judgment, and in any event is unavailing, since plaintiff failed to present clear, unequivocal and convincing evidence of willful conduct that was morally culpable, or was actuated by evil and reprehensible motives (*Munoz v Puretz*, 301 AD2d 382, 384-385 [2003]). The claimed entitlement to summary judgment is not properly before us, based on plaintiff's limited notice of appeal, and in any event is without merit (*see generally Sadkin v Raskin & Rappoport*, 271 AD2d 272, 273 [2000]).

Our disposition is without prejudice to the imposition of such other sanctions as the court deems appropriate. Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 32352(U).]