■ NESTOR PEREZ, Appellant, v CITY OF NEW YORK, Respondent. [879 NYS2d 455]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 25, 2007, which, in an action for personal injuries sustained when plaintiff slipped and fell in a playground owned by defendant City, granted plaintiff's motion for an order directing the Clerk to enter judgment dismissing the action, reversed, on the facts, without costs, the motion denied, the action reinstated, and a continuance granted so that plaintiff may (a) depose the police officer who wrote the aided report about the incident, and (b) obtain the documents that defendant was still photocopying on the day of trial.

Although there was a long, unexplained delay between mid-April 2003 (when the trial court refused to sign plaintiff's order to show cause seeking to vacate the March 4, 2003 order that had dismissed the action upon plaintiff's refusal to proceed to trial) and the end of July 2007 (when plaintiff first undertook to have a judgment entered dismissing the complaint so as to facilitate an appeal of the dismissal), we reject defendant's argument that the appeal should be dismissed because of the prejudice caused by this delay. Defendant could have entered a judgment as easily as plaintiff, and it would not be fair to dismiss the appeal where plaintiff's inability to proceed to trial and resulting dismissal of the action were caused by defendant's failure to turn over the long-demanded aided report until the day before trial when the parties picked a jury (*see Dwyer v Mazzola*, 171 AD2d 726, 728 [1991]).

On the merits, defendant's failure to promptly disclose the aided report did not warrant the striking of its answer, where no reason appears to doubt defense counsel's representation to the trial court, on the day of trial, March 4, 2003, that she did not know that the Comptroller's Office had faxed the aided report to defendant's Law Department as early as February 6, 2003, and that she told plaintiff's counsel about the report as

soon as she discovered it in the file on February 28, 2003 (*cf. e.g. Frye v City of New York*, 228 AD2d 182 [1996]). Nor was the striking of defendant's answer warranted by the fact that defendant had not yet turned over other documents that plaintiff had demanded, and was still photocopying those documents on the day of trial (*see Commerce & Indus. Ins. Co. v Lib-Com, Ltd.*, 266 AD2d 142, 145 [1999]). However, the trial court did improvidently exercise its discretion by refusing to grant a continuance so that plaintiff could depose the officer who wrote the aided report and receive and review the documents that defendant was still photocopying on the day of trial. Plaintiff had requested the documents as long ago as April 2000, so the need for a continuance was not caused by any lack of due diligence on his part, and defendant, who stated that it had no objection to producing the officer for deposition, would not have been prejudiced by a continuance (*see Guzman v 4030 Bronx Blvd. Assoc. L.L.C.*, 54 AD3d 42, 52 [2008]; *SKR Design Group, Inc. v Avidon*, 32 AD3d 697, 699 [2006]). Concur—Tom, J.P., Andrias, Nardelli and Buckley, JJ.

DeGrasse, J., dissents in a memorandum as follows: I respectfully dissent with respect to the majority's conclusion that the trial court improvidently exercised its discretion in refusing to grant plaintiff a continuance. Plaintiff was injured when he tripped and fell while playing soccer in a public playground. After the jury was selected, plaintiff's counsel orally moved the trial court for an order striking the answer based on defendant's alleged failure to provide required discovery. Counsel cited defendant's late production of a New York City Police Department aided report which she did not see until just prior to jury selection. Hardly a "smoking gun," that report's narrative reads: "aided states while playing soccer he slipped and fell causing SPI (broken right leg)[.] [A]ided states his fall was due to unlevel ground near drain. Aided also states it was raining heavy. PO Quirindongo inspected site. PO observed slight unlevelness by drain in the playground. Nothing major." Counsel also advised the court that other overdue documentary discovery was purportedly being photocopied for delivery to her by defendant. Upon defendant's offer to produce the police officer for a deposition, counsel responded as follows: "My position at this point, with everything that's been going on, is that a deposition alone will not be sufficient under these circumstances. We need a deposition, we need further discovery for all of these things that are mysteriously appearing at this point. Clearly they exist and clearly they result in—or they should be provided to us so that we have an opportunity to take a look at them and to do whatever discovery flows from that during the normal

discovery process." Upon the court's inquiry, counsel was unable to describe the "mysteriously appearing" documents mentioned. Because willfulness on defendant's part was not shown, the court declined to strike its answer but instead granted plaintiff's application to the extent of precluding defendant from calling the police officer and introducing the aided report into evidence. Plaintiff's counsel reacted to the court's ruling as follows: "At this time, Your Honor, with all due respect, I have no choice but to ask Your Honor to issue the decision and the order, adjourn this trial so that I may take the appropriate remedies to protect the interest of my client, which would be to take this to the Appellate Division." Upon the court's denial of that application, counsel stated that she could not proceed with the trial. The court thereupon stated that the complaint would be dismissed.

It is well settled that the decision on whether to grant a continuance is a matter within the sound discretion of the trial court and should not be disturbed absent a clear abuse of that discretion (*Mayorga v Jocarl & Ron Co.*, 41 AD3d 132, 134 [2007], *appeal dismissed* 9 NY3d 996 [2007]). Here, the trial court appropriately exercised its discretion in denying counsel's request for leave to "do whatever discovery flows . . . during the normal discovery process," in light of the open-ended nature of the application and the fact that the jury had just been selected. Under the circumstances, the remedy of preclusion fashioned by the trial court was not an abuse of discretion. The denial of plaintiff's request for a continuance for the purpose of taking an appeal from the court's ruling was also appropriate. If counsel felt that discovery was essential plaintiff would have been better served by a request for leave to withdraw the note of issue as opposed to his attorney's refusal to proceed with the trial. I would affirm the order entered below.