■ Kenneth DeRiggi, Respondent, v Edward Brady et al., Defendants, and Mark Saad et al., Appellants. [900 NYS2d 263]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 6 and May 7, 2009, which, in an action involving the parties' rights and obligations as investors in a business, denied motions by defendants-appellants to renew a prior order, same court and Justice, entered April 1, 2009, which had granted plaintiff's motion to strike the single answer that had been served on behalf of all defendants, unanimously reversed, on the facts, without costs, renewal granted, and, upon renewal, plaintiff's motion to strike the answer unanimously denied as to appellants. Appeal from the April 1, 2009 order unanimously dismissed, without costs, as academic.

Although we previously affirmed an order striking the answer as to other defendants (68 AD3d 487 [2009]), we reach a different result as to these defendants, the present appellants. Appellants assert that they were passive investors in the subject business who lost their investments and deny that they had any operational involvement, made any financial decisions, attended any meetings, or were aware of the unexecuted operating agreement on which plaintiff predicates his claims, all of which raises a meritorious defense. Appellants also assert that they never received discovery demands, but at the requests of the individual characterized by plaintiff as the main force behind the subject business and the attorney retained by that individual nominally on behalf of all defendants, they immediately provided all such documentation in their possession, and that they neither possess nor control other documents sought by plaintiff in discovery. Aside from plaintiff's conclusory statements to the contrary, no basis exists to reject appellants' sworn representations (*Perez v City of New York*, 63 AD3d 405 [2009]). Any deficiencies in timely responding apparently were occasioned by former counsel's failure to advise appellants of their discovery obligations (*CDR Créances S.A.S. v Cohen*, 62 AD3d 576 [2009]). We are disinclined to deprive these appellants, who seem marginal to the issues in the litigation, of their day in court because of former counsel's possible neglect in this regard (*Chelli v Kelly Group, P.C.*, 63 AD3d 632 [2009]), especially when the motion court made no findings of willfulness,

contumaciousness or bad faith specific to these appellants (*Shure v New York Cruise Lines, Inc.*, 59 AD3d 292, 294 [2009]). Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.