■ DAIMLERCHRYSLER INSURANCE COMPANY, as Subrogee of Chrysler Financial Co., Respondent, v ALIOU SECK et al., Defendants, and NATIONWIDE ASSURANCE COMPANY, Appellant. [919 NYS2d 20]—

An order striking an answer should be vacated where a defendant can show a reasonable excuse for default (CPLR 5015 [a]) and a meritorious defense (*see Harwood v Chaliha*, 291 AD2d 234 [2002]). Here, Nationwide demonstrated that its failure to oppose plaintiff's motion was neither willful, nor part of a pattern of dilatory behavior (*see Chelli v Kelly Group, P.C.*, 63 AD3d 632 [2009]). Plaintiff has failed to point to any evidence that the relatively short delay of four months caused it to change its position or other prejudice (*see Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417 [2007]; *Forastieri v Hasset*, 167 AD2d 125 [1990]). In light of the strong public policy of this State to dispose of cases on their merits, the motion court improvidently exercised its discretion in denying Nationwide's motion to vacate the default order (*Harwood*, 291 AD2d 234).

Vacatur is particularly warranted in that questions surround whether Nationwide was served with the motion in the first instance, and in that plaintiff's notice of motion sought only to extend its time to file a note of issue, with no relief requested against Nationwide (*see* CPLR 2214 [a]).

Nationwide made a sufficient showing of a meritorious defense to the underlying motion, and the plaintiff's action. The drastic remedy of striking an answer is inappropriate, absent a clear showing that defendant's failure to comply with discovery demands was willful or contumacious (*see Weissman v 20 E. 9th St. Corp.*, 48 AD3d 242 [2008]). In its underlying motion, plaintiff failed to submit sufficient proof that Nationwide was in violation of a prior order, including the order allegedly violated (*see Ramirez v New York City Hous. Auth.*, 57 AD3d 231 [2008]). Moreover, delays in discovery were caused by both parties' actions, making a unilateral sanction inappropriate (*see Sifonte v Carol Gardens Hous. Co.*, 70 AD2d 563 [1979]).

Nationwide also demonstrated potentially meritorious legal and factual defenses to plaintiff's claims (*see Murphy v Kuhn*, 90 NY2d 266 [1997]; *Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445 [1993]).

In light of the foregoing, we need not reach the parties' remaining contentions. Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.