■ Jack Gross, Respondent, v 141-30 84th Road Apartment Owners Corp. et al., Appellants. [924 NYS2d 383]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 21, 2011, which granted plaintiff's oral application to strike defendants' answers, affirmative defenses and counterclaims for failure to comply with discovery orders, and set the case down for a trial on damages, unanimously reversed, on the law and the facts, without costs, defendants' pleadings reinstated and the matter remanded for further proceedings.

Although Supreme Court's order was not appealable as of right because it did not decide a motion made on notice (*see* CPLR 5701 [a] [2]), in the interest of judicial economy, we nostra sponte deem the notice of appeal a motion for leave to appeal and grant the motion (*see* CPLR 5701 [c]; *Winn v Tvedt*, 67 AD3d 569 [2009]).

Supreme Court erred in granting plaintiff's application, since plaintiff failed to show that defendants' noncompliance with the court's discovery orders was "willful, contumacious or due to bad faith" (*Weissman v 20 E. 9th St. Corp.*, 48 AD3d 242, 243 [2008]; *Dauria v City of New York*, 127 AD2d 459, 460 [1987]). Indeed, the record shows that defendants provided plaintiff with the discovery owed pursuant to Supreme Court's most recent order. Prior to that order, most of the delays in the discovery schedule were due to plaintiff's actions. Where, as here, delays in discovery were caused by both parties' actions, the unilateral and drastic sanction of striking the pleadings is inappropriate (*DaimlerChrysler Ins. Co. v Seck*, 82 AD3d 581 [2011]; *Sifonte v Carol Gardens Hous. Co.*, 70 AD2d 563, 564 [1979]). Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.