Plaintiff brought this action to force the sale of property owned by defendant First Hotels & Resorts Investments, Inc., the mortgage on which was held by defendant HSBC Bank USA, N.A. First Hotels was one of many entities owned by nonparties Leon Cohen, Maurice Cohen and Sonia Cohen. It is undisputed that the Cohens engaged in a web of fraudulent activity that resulted in the loss to plaintiff of hundreds of millions of dollars and that they used their accounts at HSBC to move money that plaintiff alleges was at least in part fraudulently obtained. Plaintiff sued the Cohens, among others, and obtained judgments against them from courts in New York and Florida. In *486 seeking to collect on the judgments, plaintiff issued subpoenas to HSBC, inter alia. HSBC responded to the subpoenas, albeit not always to plaintiffs satisfaction.
After HSBC responded to the subpoenas, two members of the Cohen family were indicted for various tax violations. In connection with the indictments, the United States Department of Justice issued a grand jury subpoena to HSBC. HSBC produced many documents (the DOJ documents), some of which had not been produced to plaintiff in response to its civil subpoena. Plaintiff requested and received copies of the DOJ documents. Plaintiff asserts that HSBC’s failure to produce the documents to it was intentional; HSBC asserts that the documents were not produced because they were not responsive, or for other reasons.
Plaintiff now seeks to amend the complaint in this action, to, inter alia, assert a claim of “aiding and abetting a conspiracy to defraud” against HSBC, add a number of new defendants who have no connection with the property or its sale, and add new allegations against First Hotels, including a claim of fraud and conspiracy to defraud. Plaintiff maintains that amendment is warranted by new information revealed by the DOJ documents.
Nothing in the DOJ documents, however, warrants amendment of the complaint. Plaintiff’s argument amounts to little more than that, because HSBC failed to produce the DOJ documents in response to its subpoena, it must have been concealing those documents in an effort to further the Cohens’ fraud against plaintiff. Even though HSBC should have produced the DOJ documents in response to plaintiffs subpoena, the proper action for plaintiff in the face of what is essentially discovery misconduct is not to make HSBC a defendant in its action for fraud. As we observed in a prior appeal in this case, the “ultimate sanction” for discovery misconduct is a default judgment (see CDR Créances S.A.S. v Cohen, 62 AD3d 576, 577 [1st Dept 2009]).
In any event, the proposed amended complaint fails to state a cause of action for aiding and abetting fraud (see Oster v Kirschner, 77 AD3d 51 [1st Dept 2010]; see also National Westminster Bank v Weksel, 124 AD2d 144, 149 [1st Dept 1987], lv denied 70 NY2d 604 [1987]). Like the dismissed complaint in Weksel, it is “devoid of any but the most conclusory allegations” (124 AD2d at 148). Plaintiff states, citing Oster (77 AD3d at 56), that HSBC had actual knowledge of the fraud as discerned from the surrounding circumstances, but to identify those circumstances it sets forth its very detailed allegations of the Cohens’ fraud against HSBC. As we observed in Weksel, aiding and abet *487 ting “is not made out simply by allegations which would be sufficient to state a claim against the principal participants in the fraud” (124 AD2d at 149).
The proposed allegations of fraud and conspiracy to defraud against First Hotels, which the motion court did not address, are supported by the same allegedly newly discovered evidence as underlies the proposed HSBC amendment. Its use against First Hotels is more offensive, because most of this evidence is not new at all, and plaintiff asserted a claim for conspiracy to defraud against First Hotels in the first complaint, and the claim was dismissed. Moreover, while it would not be impossible for plaintiff to say that it only discovered the extent of HSBC’s alleged involvement in the conspiracy after reviewing the DOJ documents, it could not say that about First Hotels.
To the extent First Hotels can be deemed liable for amounts owed pursuant to the aforementioned judgments obtained by plaintiff, plaintiffs appropriate course is to seek amendment of those judgments, not to seek relief via this completely unrelated action. Indeed, plaintiffs counsel stated at oral argument that if the court denied amendment, plaintiff would bring a special proceeding pursuant to CPLR 5225. Moreover, no allegation in the proposed amended complaint suffices to connect First Hotels, an entity that did not even exist until 2004, when it was created to purchase the property, with a fraud by the Cohens that occurred decades ago, regardless of any use the Cohens may ultimately have made of it. Concur — Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.