Mejia v Duran de la Rosa (2022 NY Slip Op 06440)

Mejia v Duran de la Rosa

2022 NY Slip Op 06440

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 650925/20 Appeal No. 16649- Case No. 2022-02898 

[*1]Alba Mejia, Plaintiff-Respondent,
v
Robert Duran de la Rosa et al., Defendants-Appellants, Hugo Santana et al., Defendants.

Max D. Leifer, P.C., New York (Max D. Leifer of counsel), for appellants.
Garcia & Kalicharan, P.C., New York (William A. Garcia of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered March 1, 2022, which, to the extent appealed from, denied defendants Robert Duran De La Rosa and Jose Hernandez's motion to vacate the default judgment against them, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion granted as to those defendants.
Although defendants' claimed lack of fluency in English, by itself, did not amount to a reasonable excuse for their failure to appear or interpose an answer to plaintiff's complaint, vacatur is warranted under the circumstances here, where defendants have also shown that their default was neither willful nor part of a pattern of dilatory behavior, and plaintiff has not demonstrated prejudice (see DaimlerChrysler Ins. Co. v Seck, 82 AD3d 581, 582 [1st Dept 2011]; Chelli v Kelly Group, P.C., 63 AD3d 632, 633 [1st Dept 2009]). Further, defendants raised meritorious defenses to the breach of contract and unjust enrichment claims. The subject stock purchase agreement itself establishes that Hernandez was not a signatory to the contract and had no ownership interest in the company (see Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 463-464 [1st Dept 2012]). Although Duran De La Rosa signed the agreement, his affidavit raised factual issues as to his actual ownership interest in the company and plaintiff's performance under the contract. In light of the strong public policy to dispose of cases on their merits, the motion court improvidently exercised its discretion in denying defendants' motion to vacate the default judgment (see Cornwall Warehousing, Inc. v Lerner, 171 AD3d 540, 541 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022