National Convention Servs., LLC v FB Intl., Inc. (2023 NY Slip Op 05692)

National Convention Servs., LLC v FB Intl., Inc.

2023 NY Slip Op 05692

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 654445/15 Appeal No. 1029 Case No. 2022-04591 

[*1]National Convention Services, LLC, et al., Plaintiffs-Respondents,
v
FB International, Inc., Defendant-Appellant. [And a Third-Party Action]

Sarmasti PLLC, New York (Vafa Sarmasti of counsel), for appellant.
Cummings & Page, LLP, Briarcliff (Kevin Page of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 7, 2022, which, insofar as appealed from as limited by the briefs, denied defendant FB International, Inc.'s motion pursuant to CPLR 3126 for sanctions based on alleged discovery abuse, unanimously affirmed, with costs.
"[The trial] court is vested with broad discretion to control its calendar and supervise disclosure in order to facilitate the resolution of cases, and the imposition of sanctions for discovery misfeasance is generally a matter best left to the trial court's discretion" (CDR CrÉances S.A.S. v Cohen, 62 AD3d 576, 577 [1st Dept 2009]). "Although [the Appellate Division is] empowered to substitute our own discretion for that of the trial court, this is a power we rarely and reluctantly invoke" (Pettinato v EQR-Rivertower, LLC, 213 AD3d 46, 58 [1st Dept 2023] [internal quotation marks omitted]).
It was unrefuted that National Convention Services, LLC (NCS) was unable to provide a detailed list of documents and information that were lost due to Superstorm Sandy, as the boxes containing documents that were placed in basement storage, were wet, soiled, and unrecognizable. Moreover, the March 14, 2022, affidavit provided by NCS's IT consultant established that the emails of certain former employees were located on an older email service that were populated to the employees' personal computer. Once the employees left employment, their files were put on a network server drive, some of which became corrupted due to an electrical outage. FB is therefore unable to demonstrate spoliation of evidence, since, at a minimum, defendant was unable to demonstrate a culpable state of mind and relevancy to the claims or defenses at issue (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023