| |
|---|
| **Beijing Haohan Tianyu Inv. Consulting Co., Ltd. v ETAO Intl. Co., Ltd.** |
| 2024 NY Slip Op 30915(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654056/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

BEIJING HAOHAN TIANYU INVESTMENT CONSULTING CO., LTD.,

         Plaintiff,

        - v -

ETAO INTERNATIONAL CO., LTD. and WENSHENG LIU,

        Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654056/2023 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for     JUDGMENT - DEFAULT    .

Upon the foregoing documents, it is

In motion seq. no. 001, plaintiff moves pursuant to CPLR 3215 for a default judgment against defendants ETAO International Co. Ltd. (ETAO) and Wensheng Liu in the amount of $30 million, jointly and severally. Plaintiff also seeks the imposition of a constructive trust and punitive damages.

"On a motion for a default judgment under CPLR 3215 based upon a failure to answer the complaint, a plaintiff demonstrates entitlement to a default judgment against a defendant by submitting: (1) proof of service of the summons and complaint; (2) proof of the facts constituting its claim; and (3) proof of the defendant's default in answering or appearing." (*Medina v Sheng Hui Realty LLC*, 2018 N.Y. Misc. LEXIS 1789, *6-7, 2018 WL 2136441, *6-7 [Sup Ct, NY County 2018] [citations omitted].) "Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action. The standard of proof is not stringent, amounting only to some

**654056/2023 BEIJING HAOHAN TIANYU INVESTMENT CONSULTING CO., LTD. vs. ETAO INTERNATIONAL CO., LTD. ET AL**
**Motion No. 001**

**Page 1 of 5**

firsthand confirmation of the facts." (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994] [citations omitted].)

CPLR 3215 (f) requires a plaintiff to submit "proof of the facts constituting the claim, the default and the amount due . . . by affidavit made by the party." "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party's attorney." (CPLR 3215 [f].)

Proof of Service

Plaintiff submits proof of personal service of the summons and complaint on defendants. (NYSCEF 11 & 12, Aff of Service.) Plaintiff also complied with the additional service requirements of CPLR 3215 (g)(4)(i). (NYSCEF 13, Proof of Additional Service.)

Proof of Claim

In its verified complaint, plaintiff asserts claims for breach of contract (against ETAO), unjust enrichment (against ETAO), constructive trust (against ETAO), fraudulent misrepresentation & fraudulent omission (against ETAO), fraudulent misrepresentation & fraudulent omission (against Liu), conversion (against ETAO), and conversion (against Liu). (NYSCEF 9, Verified Complaint ¶¶ 38-155.)

CPLR 3215 (f) requires a plaintiff to submit "proof of the facts constituting the claim, the default and the amount due ... by affidavit made by the party." However, "[w]here a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party's attorney." (CPLR 3215 [f].) Here, plaintiff submits

**654056/2023   BEIJING HAOHAN TIANYU INVESTMENT CONSULTING CO., LTD. vs. ETAO INTERNATIONAL CO., LTD. ET AL**                                                        **Page 2 of 5**
**Motion No.  001**

[* 2]                                                        2 of 5

both the complaint verified by Tao Tian, plaintiff's managing partner (NYSCEF 9 & 10) and Tian's affidavit (NYSCEF 8, Tian aff).

Tian avers that, on December 20, 2021, Mountain Crest Acquisition Corp. III (MCAE) and plaintiff entered into a M&A Advisory Agreement whereby plaintiff would conduct due diligence for MCAE on ETAO and in exchange plaintiff would be paid a fee "equivalent to 3% of the pre-money equity value of ETAO in shares of the post-transaction combined company to be issued upon closing of the Transaction at $10 per share." (NYSCEF 8, Tian aff ¶ 10; *see also* NYSCEF 15, SEC Form F-4 at 72, 110 ["MCAE engaged [plaintiff] to act as its M&A Advisor to conduct local due diligence for MCAE on ETAO by entering into the M&A Advisory Agreement on December 20, 2021. Pursuant to the M&A Advisory Agreement, as amended, MCAE shall make a payment to [plaintiff] of an aggregate M&A Fee (the 'M&A Fee') equivalent to 3% of the pre-money equity value of ETAO in shares of the post-transaction combined company to be issued upon closing of the Transaction at $10 per share"]; NYSCEF 17, SEC Form F-4 at 58.) The Merger Agreement, which included in its disclosure schedules the initial Advisory Agreement, was approved by ETAO's board. (NYSCEF 8, Tian aff ¶ 17.) Despite being aware of it, defendants did not object to the M&A Advisory Agreement. (*Id*. ¶ 24.)

On February 17, 2023, the merger transaction was completed. (*Id*. ¶ 27.) Defendants failed to issue plaintiffs its shares at the Business Combination Closing, depriving plaintiff of the opportunity to borrow against the shares and enter into other types of stock loan agreements. (*Id*. ¶¶ 28, 29.) Plaintiff sent a demand to no avail. (*Id*. ¶ 31.)

**654056/2023   BEIJING HAOHAN TIANYU INVESTMENT CONSULTING CO., LTD. vs. ETAO INTERNATIONAL CO., LTD. ET AL**
**Motion No. 001**

**Page 3 of 5**

3 of 5

Tain avers that plaintiff performed all its obligations under the Advisory Agreement to defendants' benefit. (*Id.* ¶ 32.) Tain further avers that defendants defrauded plaintiff by making false representations in Form F-4A to induce plaintiff's continued participation in the merger transaction. (*Id.* ¶¶ 38-44, 51-62.)

The verified complaint (NYSCEF 9), Tain's affidavit (NYSCEF 8) and its accompanying exhibits (NYSCEF 10-21) present sufficient proof of facts constituting the claims and the amount due as required by CPLR 3215 (f).

However, to the extent that plaintiff seeks punitive damages, that portion of the motion is denied. Even accepting the complaint's allegations as true, there is no basis to award punitive damages. (*CDR Creances S.A.S. v Cohen*, 62 AD3d 576, 577 [1st Dept 2009] [to award punitive damages, plaintiff must "present clear, unequivocal and convincing evidence of willful conduct that was morally culpable or was actuated by evil and reprehensible motives"].)

Proof of Default

Defendants have not answered plaintiff's summons and complaint or otherwise appeared in the litigation. (NYSCEF 7, Lati aff ¶ 8.)

Accordingly, it is

ORDERED that plaintiff's motion for a default judgment against ETAO International Co. Ltd. (ETAO) and Wensheng Liu is granted, in part, and otherwise denied as to an award of punitive damages; and it is further

**654056/2023 BEIJING HAOHAN TIANYU INVESTMENT CONSULTING CO., LTD. vs. ETAO INTERNATIONAL CO., LTD. ET AL**
**Motion No. 001**

**Page 4 of 5**

4 of 5

ORDERED that plaintiff shall submit a proposed judgment in MS Word via email and e-file a copy within 5 days of the date of this order.

202403192225056AMASLEYC6515F93A2714522BB32FE57D6E88EF1

__3/19/2024__
DATE

_____
ANDREA MASLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654056/2023   BEIJING HAOHAN TIANYU INVESTMENT CONSULTING CO., LTD. vs. ETAO**
**INTERNATIONAL CO., LTD. ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5