■ DIANA CORTO et al., Appellants, et al., Plaintiffs, v FRANCINE LEFRAK et al., Respondents. In the Matter of DIANA CORTO, Appellant, v LEONARD BERNSTEIN et al., Respondents.— Appeal from order and judgment (one paper), Supreme Court, New York County (Martin Stecher, J.), entered August 30, 1988, which, *inter alia,* denied appellants' motions for a stay of arbitration and dismissed appellants' petition to disqualify the arbitrator, is dismissed as abandoned. Order and judgment (one paper), Supreme Court, New York County (Eugene Nardelli, J.), entered September 8, 1988, which upon defendants' motion pursuant to CPLR 3211 dismissed appellants' original and amended complaints is affirmed. Appeal from order, Supreme Court, New York County (Eugene Nardelli, J.), entered April 14, 1989, which denied resettlement of the September 8, 1988 order, is dismissed as abandoned, all without costs.

These appeals arise out of an underlying controversy between the parties, which concerns an August 1985 licensing agreement whereby plaintiff and defendant Lefrak obtained rights to produce a tour of West Side Story. The remaining defendants are the various "authors" of the musical, an attorney involved in the negotiation of the agreement and various theatrical entities and their agents involved in the production. Appellant raises issues which only deal with the September 8, 1988 order and judgment. Pursuant to the licensing agreement the controversy concerning the rights and obligations of the parties went to arbitration. The arbitration award held that the licensing agreement had been terminated by the failure of the coproducers to pay the authors' royalties.

We agree with Trial Term that this action is barred as against all the defendants on the grounds of res judicata and collateral estoppel. All of plaintiff's claims revolve around the same agreement considered on the arbitration proceeding in which plaintiff had a full and fair opportunity to litigate these issues. Hence, the claims in this action were already necessar-

ily determined, or could have been determined, and thus cannot be raised again. *(O'Brien v City of Syracuse,* 54 NY2d 353; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65.)

Accordingly, the original and amended complaints were properly dismissed. The September 8, 1988 order and judgment is thus affirmed. There being no arguments presented in the briefs regarding the appeals from August 30, 1988 order and judgment and the April 14, 1989 order, these appeals are dismissed as deemed abandoned. Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.