■ JOHN MATTESICH, Respondent, v HAYGROUND COVE ASSET MANAGEMENT, LLC, et al., Appellants. [876 NYS2d 405]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 15, 2008, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss the first cause of action for breach of contract as against defendant Hayground Cove Asset Management, LLC (HCAM), and the fourth cause of action as against all defendants for tortious interference with prospective economic advantage, unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint in its entirety.

Plaintiff alleges that HCAM, his former employer, breached a nondisparagement agreement, and that, as a result, he was denied a position that he would have otherwise been offered. Defendants however submitted deposition testimony from members of the prospective employer who stated, inter alia, that although plaintiff was under consideration for employment, it was by no means certain that he would have been offered the position. Plaintiff would be unable to prove damages, and thus has no viable claim under a theory of either breach of contract (*see Arts4All, Ltd. v Hancock*, 5 AD3d 106, 108 [2004]; *Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]),

or tortious interference with prospective economic advantage (*see Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421 [2006]; *American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 418-419 [1998]). Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.