■ ELOISA O. FERRER, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Defendant, and WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER, LLP, Respondent. [918 NYS2d 405]—

Petitioner contends that DHR's determination was arbitrary and capricious in that DHR failed to investigate and consider petitioner's claim that she was subjected to a hostile work environment by the law firm. However, this claim was not reasonably discernable from the complaint petitioner filed with DHR. A claim not raised before an administrative agency may not be raised for the first time in a CPLR article 78 proceeding (*see Matter of Johnson v New York State Tax Commn.*, 117 AD2d 867, 868 [1986]; *Matter of Seitelman v Lavine*, 36 NY2d 165, 170 [1975]).

Moreover, the specific conduct alleged by petitioner in the complaint and petition, if true, is legally insufficient to establish that the workplace was "permeated with 'discriminatory intimidation, ridicule and insult' that [was] 'sufficiently severe or pervasive to alter the conditions of [her] employment' " (*see Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993] [citation omitted]). "[I]solated remarks or occasional episodes of harassment will not support a finding of a hostile or abusive work environment" (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 51 [1996], *lv denied* 89 NY2d 809 [1997] [citations omitted]). There was no evidence of record which established that the specific incidents described in the petition were anything more than isolated, occasional or benign. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.