■ LEONARD BOYCE et al., Respondents, v GUMLEY-HAFT, INC., Defendant, and BERNARD SPITZER, Appellant. (And a Third-Party Action.) [918 NYS2d 111]—

The motion court correctly denied defendant's motion for summary judgment with respect to the claims under both the New York City Human Rights Law and the Executive Law. The record shows that defendant was the 50% owner of the limited liability company (LLC) that owned the subject building. The contract between the management company (Gumley-Haft) and the LLC provided that all employees hired by Gumley-Haft were in fact employees of the LLC owner. Defendant, as 50% owner of the limited liability company, and with the power to hire and fire employees, was "amenable to liability [under the Executive Law] upon proof that he became a party to [the] discriminatory termination . . . 'by encouraging, condoning, or approving it' " (*Pepler v Coyne*, 33 AD3d 434, 435 [2006] [citations omitted]), and the record raised a triable issue of fact with respect to defendant's actions. Further, plaintiffs opposed the motion for summary judgment with proof that employee Senna exercised managerial or supervisory responsibility and that he discriminated against plaintiffs. Thus, defendant could be held liable for Senna's discriminatory conduct under the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [13] [b] [1]) provided that he encouraged, condoned or approved Senna's alleged discriminatory conduct.

However, defendant's posttrial motion to set aside the verdict was incorrectly denied. The trial court committed reversible error when it permitted plaintiff Haydenn to testify that he had overheard the superintendent of the building commenting to the handyman that defendant "[didn't] want any niggers [working] in the building." This statement was inadmissible hearsay.

The statement does not fall within the exception to the hearsay rule for an agent's making of a statement as an activity within the scope of his authority (*see Loschiavo v Port Auth. of N.Y. & N.J.*, 58 NY2d 1040, 1041 [1983]). Nothing in the record even suggests that the superintendent, who occasionally was given some direction by defendant when the latter visited the premises, was authorized to speak on defendant's behalf with respect to the building's employment practices and hiring and firing of employees (*see Niesig v Team I*, 76 NY2d 363, 374 [1990]; *Silvers v State of New York*, 68 AD3d 668, 669 [2009], *lv denied* 15 NY3d 705 [2010]; *Aquino v Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 221 [2007]). Nor is defendant estopped from

challenging the admission of Haydenn's statement because the defense declined the court's offer to have the jury decide whether defendant had authorized the superintendent to speak on his behalf; "the question whether a given set of facts takes a declarant's statement outside [an] exception [to the hearsay rule] is one of law" (*People v Norton,* 79 NY2d 808, 809 n [1991]).

Contrary to plaintiffs' contention that the admission of Haydenn's statement, even if error, was harmless, the particular epithet used could have had no other effect than to prejudice the jury against defendant. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.