■ SUSAN SILVIS, Appellant, v CITY OF NEW YORK et al., Respondents. [946 NYS2d 22]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 13, 2011, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's action for alleged discrimination was properly dismissed since none of the employment actions complained of by plaintiff was an adverse employment action (*see Messinger v Girl Scouts of U.S.A.*, 16 AD3d 314, 314-315 [2005]). Plaintiff's transfer from the position of literacy coach to a classroom teacher was "merely an alteration of her responsibilities," and not an adverse employment action. Apart from a change in the nature of her duties, plaintiff "retained the terms and conditions of her employment, and her salary remained the same" (*Matter of Block v Gatling*, 84 AD3d 445, 445 [2011], *lv denied* 17 NY3d 709 [2011]). Plaintiff's contention that she was discriminated against based on evidence that, after her transfer back to the classroom teaching position, she was subjected to a relentless stream of reprimands is not sufficient to establish a prima facie case of discrimination. Notwithstanding the frequent reprimands, she received a satisfactory end-of-year performance rating, and none of the reprimands resulted in any reduction in pay or privileges (*id.*). Nor can plaintiff establish a claim of discrimination based on a failure to reasonably accommodate her disabling condition. Plaintiff concedes that defendants provided her with a "satisfactory" accommodation, in the form of moving her classroom from the fourth to the second floor, with "no escort duty."

Plaintiff has similarly failed to show that her "workplace was 'permeated with "discriminatory intimidation, ridicule and insult" that [was] "sufficiently severe or pervasive to alter the [terms or] conditions of" ' " employment, so as to make out a claim for hostile work environment (*Ferrer v New York State Div. of Human Rights*, 82 AD3d 431 [2011], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]). Plaintiff complained of only a single potentially derogatory remark related to her age and did not complain of any remarks regarding her disability (*Ferrer*, 82 AD3d 431). Concur—Mazzarelli, J.P., Freedman, Catterson, Richter and Manzanet-Daniels, JJ.