*444 Judgment, Supreme Court, New York County (Louis B. York, J), entered August 16, 2011, dismissing the complaints in this consolidated action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 12, 2011, which granted defendant’s motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff, an accountant, born in China, alleges that defendant discriminated against her on the basis of race, national origin and ethnicity when it repeatedly bypassed her for promotions. However, the record belies her contention that no persons of Chinese descent were promoted within defendant’s finance department between 2002 and 2004, and plaintiff admits that numerous Chinese employees were promoted after 2006. Moreover, defendant produced evidence that it had legitimate, nondiscriminatory reasons for not promoting plaintiff to the positions of which she claims to have been wrongly deprived after August 2003, and plaintiff failed to raise an issue of fact whether defendant’s reasons were merely a pretext for discrimination (see Ferrante v American Lung Assn., 90 NY2d 623, 629-630 [1997]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35-36 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
Plaintiff also alleges that defendant retaliated against her for complaining that she had been discriminated against (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). She asserts that at times during a period spanning at least six years, she was variously yelled at, subjected to the occasional offensive remark, required to perform what she regarded as undesirable clerical tasks, and denied family and medical leave, and was overworked and subjected to excessive scrutiny. However, none of this alleged conduct on defendant’s part either constituted an adverse employment action, under the New York State Human Rights Law (see Executive Law § 296 [7]; Silvis v City of New York, 95 AD3d 665, 665 [1st Dept 2012], lv denied 20 NY3d 861 [2013]), or disadvantaged plaintiff, under the New York City Human Rights Law (see Administrative Code of City of NY § 8-107 [7]; Fletcher, 99 AD3d at 51-52). Plaintiff also asserts that defendant retaliated against her by transferring her from its headquarters in downtown Manhattan to a field office in Harlem. However, she failed to raise an issue of fact whether the legitimate, nondiscriminatory reasons proffered therefor by defendant were merely a pretext for discrimination.
As to plaintiffs hostile work environment claim, the alleged *445 conduct and remarks plaintiff point to were not “sufficiently severe or pervasive to alter the conditions of [her] employment” under the New York State Human Rights Law (see Forrest, 3 NY3d at 310-311, quoting Harris v Forklift Systems, Inc., 510 US 17, 21 [1993]; Ferrer v New York State Div. of Human Rights, 82 AD3d 431 [1st Dept 2011]). Nor has the plaintiff demonstrated that she has been treated less well than other employees because of her protected status; or that discrimination was one of the motivating factors for the defendant’s conduct (Williams v New York City Hous. Auth., 61 AD3d 62, 75-76, 79-80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Friedman, J.E, Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ. [Prior Case History: 2011 NY Slip Op 31900(U).]