■ 400 EAST 77TH OWNERS, INC., Respondent, v NEW YORK ENGINEERING ASSOCIATION, P.C., Appellant, et al., Defendants. [997 NYS2d 34]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 21, 2013, which, inter alia, denied defendant New York Engineering Association P.C.'s (defendant) motion for summary judgment, unanimously affirmed, with costs. Appeal from order, (same court and Justice), entered on or about December 5, 2013, which denied defendant's motion to renew and reargue, unanimously dismissed, without costs.

Defendant, an engineering firm, failed to meet its burden of establishing entitlement to judgment as a matter of law on stat-

ute of limitations grounds. A copy of the contract between the parties is not included in the record, making it impossible to determine whether defendant's duties were discharged, and documentary evidence, including defendant's own bid proposal, strongly indicates that defendant was hired by plaintiff not only to provide engineering design services, but also to obtain the requisite permits and approvals (*see Sendar Dev. Co., LLC v CMA Design Studio P.C.*, 68 AD3d 500, 503 [1st Dept 2009]). If so, the statute of limitations did not begin to run until December 10, 2010, when defendant filed its final report signing off on the project, and this action, which was commenced in July 2012, was filed well within the three year limitations period (*see State of New York v Lundin*, 60 NY2d 987, 989 [1983]).

Defendant also failed to show that its work was performed in accordance with good and accepted engineering standards. It relied solely on the "conclusory, self-serving statements" contained in the affidavit of its principal, with no expert or other evidence—such as reference to specific industry standards—"which would tend to establish, prima facie, that [the work] did not depart from the requisite standard of care" (*Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 284 [1st Dept 1999]; *see R.A.B. Contrs. v Stillman*, 299 AD2d 165 [1st Dept 2002]).

There being no arguments presented in the briefs regarding the appeal from the December 3, 2013 order, the appeal is dismissed as deemed abandoned (*see Corto v Lefrak*, 155 AD2d 246, 247 [1st Dept 1989]). Concur—Tom, J.P., Renwick, Andrias and DeGrasse, JJ.