■ Anna Pezhman, Appellant, v Chanel, Inc., Respondent, et al., Defendants. [2 NYS3d 792]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 7, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to reargue and, upon reargument, adhered to a prior order, same court and Justice, entered April 8, 2013, which granted defendant Chanel, Inc.'s motion to dismiss the claim for tortious interference with prospective employment, unanimously affirmed, without costs.

Plaintiff's motion, which was denominated as one for renewal and reargument, was solely one for reargument and was treated as such by the motion court (*see Williams v City of New York*, 19 AD3d 251 [1st Dept 2005]). Although the court's order "denied" the motion to reargue, it addressed the merits, and in so doing, effectively granted reargument. Accordingly, the order is appealable (*see Jackson v Leung*, 99 AD3d 489 [1st Dept 2012]; *Premier Capital v Damon Realty Corp.*, 299 AD2d 158 [1st Dept 2002]).

Plaintiff failed to demonstrate that there are "matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d] [2]). In any event, dismissal of the claim was warranted pursuant to CPLR 3211 (a) (7), since plaintiff, a seasonal at-will employee at Lord & Taylor, failed to allege the existence of a firm offer of employment (*see Mattesich v Hayground Cove Asset Mgt., LLC*, 61 AD3d 487, 487-488 [1st Dept 2009]; *Murphy v City of New York*, 59 AD3d 301 [1st Dept 2009]). Even if she had, there can be no tortious interference with prospective at-will employment (*see Sullivan v Harnisch*, 81 AD3d 117, 125 [1st Dept 2010], *affd* 19 NY3d 259 [2012]). Moreover, there are no allegations in the complaint that defendant Chanel engaged in any conduct "for the sole purpose of inflicting intentional harm on plaintiff[ ]" (*Carvel Corp. v Noonan*, 3 NY3d 182 [2004]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ. ■