■ MARGARET BANTAMOI, Appellant, v ST. BARNABAS HOSPITAL, Respondent. [44 NYS3d 398]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 15, 2015, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's cause of action for retaliation in violation of the New York City Human Rights Law (City HRL), unanimously affirmed, without costs.

The five month time period between plaintiff's protected activity, the June 2008 filing of a discrimination complaint with the U.S. Equal Employment Opportunity Commission, and defendant's referral of plaintiff for psychiatric evaluation and her placement on a medical leave of absence in November 2008, is not sufficient temporal proximity to establish the requisite causal connection between the protected activity and the disadvantageous actions for purposes of plaintiff's claim for retaliation under the City HRL (*see Matter of Parris v New York City Dept. of Educ.*, 111 AD3d 528, 529 [1st Dept 2013], *lv denied* 23 NY3d 903 [2014]). Nor do the disciplinary investiga-

tions undertaken by defendant in October 2008 evidence any retaliatory intent, since no actions were taken against plaintiff as a result of those investigations (*see Silvis v City of New York*, 95 AD3d 665, 665 [1st Dept 2012], *lv denied* 20 NY3d 861 [2013]).

Even assuming that plaintiff made out a prima facie case of retaliation, defendant met its corresponding burden of proffering legitimate, nondiscriminatory reasons for the allegedly disadvantageous actions, most notably, the opinion of the independent psychiatrist who examined plaintiff that she was "not capacitated to work" (*see Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553-554 [1st Dept 2010]).

In response, plaintiff failed to show that those reasons were mere pretexts (*see Delrio v City of New York*, 91 AD3d 900, 901 [2d Dept 2012]). We note that, in the absence of any evidence of retaliatory animus or pretext, we have no occasion to consider whether the alternative "mixed-motive" framework, which plaintiff also advances, may be applied in City HRL retaliation cases (*compare University of Tex. Southwestern Medical Center v Nassar*, 570 US —, —, 133 S Ct 2517, 2533 [2013], *with Alfano v Starbucks Corp.*, 2012 NY Slip Op 31548[U], *6-7 [Sup Ct, NY County 2012]).

We have considered plaintiff's remaining contentions and find them to be unpreserved or otherwise unavailing. Concur— Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.