■ ROBERT JONES, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [46 NYS3d 57]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered November 12, 2015, which denied plaintiff's motion to, among other things, renew and reargue his prior application for leave to serve a late notice of claim upon defendant New York City Health and Hospitals Corporation (HHC), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 22, 2015, which vacated an order, same court and Justice, entered on or about October 17, 2014, which had granted, upon HHC's default, plaintiff's application for leave to serve a late notice of claim upon HHC, unanimously dismissed, without costs, as abandoned. Appeal from order, same court and Justice, entered June 1, 2015, which clarified the order entered April 22, 2015 to the extent of granting HHC's motion to vacate the order entered on or about October 17, 2014 and denying plaintiff's application for leave to serve a late notice of claim upon HHC, unanimously dismissed, without costs, as taken from a nonappealable order.

Although the motion court denied the motion to reargue as untimely, that part of the order is appealable because the court also addressed the merits of the motion and therefore effectively granted reargument (see Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; see also Pezhman v Chanel, Inc., 126 AD3d 497 [1st Dept 2015]). Upon reargument, the motion court properly adhered to its original determination denying plaintiff's application for leave to serve a late notice of claim, because plaintiff failed to establish that the court had overlooked or misapprehended any issue of law or fact in making its original determination (CPLR 2221 [d] [2]; see Pezhman, 126 AD3d at 497). In support of his motion to reargue, plaintiff improperly submitted his affidavit, an expert's affidavit and a

caregiver's affidavit, because those documents were not offered in support of its original application or in opposition to HHC's motion to vacate (*see* CPLR 2221 [d] [2]; *Mazinov v Rella*, 79 AD3d 979, 980 [2d Dept 2010]).

The motion court properly denied the motion for leave to renew, because plaintiff provided no explanation as to why he did not submit the aforementioned affidavits on the prior motions (CPLR 2221 [e] [3]; *300 W. Realty Co. v City of New York*, 99 AD2d 708, 709 [1st Dept 1984], *appeal dismissed* 63 NY2d 952 [1984]). Even were renewal granted in the interest of justice (*Mejia v Nanni*, 307 AD2d 870, 871 [1st Dept 2003]), the motion court properly determined that there was no basis for changing its original determination denying plaintiff leave to serve a late notice of claim. Among other things, plaintiff failed to establish that HHC had obtained actual notice of the essential facts of plaintiff's medical malpractice claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672, 677 [2016]; *Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824, 827-828 [1st Dept 2010]).

Plaintiff has abandoned his appeal from the order entered April 22, 2015, because he has not raised any argument regarding the propriety of that order (*see 400 E. 77th Owners, Inc. v New York Eng'g Assn., P.C.*, 122 AD3d 474, 475 [1st Dept 2014]).

The order entered June 1, 2015 is not appealable as of right, because it did not determine a motion made upon notice (*see* CPLR 5701 [a] [2], [3]), and we decline to deem the notice of appeal from that order a motion for leave to appeal (*see Gross v 141-30 84th Rd. Apt. Owners Corp.*, 85 AD3d 447, 448 [1st Dept 2011]). Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ. ■