Gordon v Bayrock Sapir Org. LLC (2018 NY Slip Op 03425)





Gordon v Bayrock Sapir Org. LLC


2018 NY Slip Op 03425


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Andrias, Gesmer, JJ.


5068

[*1]Shakera Gordon, Plaintiff-Appellant,
v
Bayrock Sapir Organization LLC, doing business as Trump Soho, et al., Defendants-Respondents.


Akin Law Group PLLC, New York (Leopold Raic of counsel), for appellant.
Jackson Lewis P.C., New York (Diane Windholz of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered June 16, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims of employment discrimination, hostile work environment, and retaliation under the New York State and City Human Rights Laws (State and City HRLs), unanimously modified, on the law, to deny the motion as to the discrimination claim under the City HRL and the hostile work environment and retaliation claims under the State and City HRLs, and otherwise affirmed, without costs.
In opposition to defendants' prima facie showing of their entitlement to summary judgment, plaintiff submitted evidence that, after she complained about an assault by one of defendant Trump Soho's engineering department employees, other members of that department engaged in a campaign of harassment against her, directing deeply offensive race- and gender-based slurs at her and sitting near her in the workplace lunchroom to intimidate her. Plaintiff complained to defendant Dana Sholl, Trump Soho's human resources director, about the name calling, but no corrective action was taken, and, consequently, the name calling and harassment continued. Plaintiff continued to complain, and defendants continued to take no action.
Plaintiff's evidence raises issues of fact as to her claim under the State and City HRLs that she was subjected to a hostile work environment (see Ferrer v New York State Div. of Human Rights, 82 AD3d 431, 431 [1st Dept 2011]; Diggs v Oscar De La Renta, LLC, 2014 NY Slip Op 33173[U], *4-5 [Sup Ct, Queens County 2014]). Plaintiff's evidence also raises issues of fact as to her claim under both HRLs that defendants retaliated against her (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-113 [2004]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). Plaintiff engaged in the protected activity of complaining to defendants about other employees' offensive conduct toward her, and defendants allowed the offensive conduct to continue, thereby condoning it (see Boyce v Gumley-Haft, Inc., 82 AD3d 491 [1st Dept 2011]; Matter of Father Belle Community Ctr. v New York State Div. of Human Rights, 221 AD2d 44, 53 [4th Dept 1996], lv denied 89 NY2d 809 [1997]).
Plaintiff's evidence raises issues of fact as to her discrimination claim under the City HRL by showing that she was "treated differently" or "less well" than other employees (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). However, it does not raise an issue of fact as to the discrimination claim under the State HRL, because it fails to show an adverse employment action within the meaning of that statute (see Silvis v City of New York, 95 AD3d 665 [1st Dept 2012], lv denied 20 NY3d 861 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK