Hament v FitzGerald (2019 NY Slip Op 02447)





Hament v FitzGerald


2019 NY Slip Op 02447


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8464 155410/16

[*1]Nancy J. Hament, et al., Plaintiffs-Respondents,
v
Kevin P. FitzGerald, Defendant-Appellant.


Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead (Patrick B. Fife of counsel), for appellant.
Scarola Zubatov Schaffzin PLLC, New York (Richard J.J. Scarola of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 30, 2018, which, to the extent appealed from, upon renewal, denied defendant's motion pursuant to CPLR 3211, or, alternatively, CPLR 3212, to dismiss the cause of action for intentional tortious injury to property, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendant, as a corporate officer of ARK Construction Co., contracted with plaintiffs to perform certain renovation and construction services. The agreement ended in disputes, and plaintiffs commenced an arbitration proceeding against ARK, while filing a Supreme Court complaint against defendant FitzGerald individually. The arbitration and Supreme Court action involved the same agreement, the same scope of work and, excepting defendant executing the agreement in his official capacity, the same personnel. With the exception of claims regarding an improperly installed countertop and a damaged sink, resulting in an award in the amount of $4,688.25, all other claims were denied by the arbitrator. Although the arbitration award did not explicitly address claims against defendant individually, the claimants incorporated by reference the causes of action set forth in the Supreme Court complaint against defendant into the arbitration claim specification and the post-hearing submission. Hence, the second cause of action for intentional tortious injury to property was denied sub silencio by the arbitrator, barring relitigation of the claim in the Supreme Court action by defendant who was in privity with ARK Construction (Prospect Owners Corp. v Tudor Realty Servs. Corp. , 260 AD2d 299 [1st Dept 1999]) by operation of the doctrines of res judicata and collateral estoppel (Corto v Lefrak, 155 AD2d 246 [1st Dept
1989], lv denied 75 NY2d 707 [1990]; Altamore v Friedman , 193 AD2d 240, 244-45 [2d Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK