Stephens v Isabella Geriatric Ctr., Inc. (2019 NY Slip Op 08795)





Stephens v Isabella Geriatric Ctr., Inc.


2019 NY Slip Op 08795


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10519 303716/14

[*1] Monte Stephens, Plaintiff-Appellant,
v
Isabella Geriatric Center, Inc., et al., Defendants-Respondents.


Keenan & Bhatia, LLC, New York, (Edward (E.E.) Keenan of counsel), for appellant.
Peckar & Abramson, P.C., New York (Kevin J. O'Connor of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about June 4, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims of retaliation in violation of the New York State and New York City Human Rights Laws, unanimously affirmed, without costs.
Plaintiff asserts that he was terminated from his employment at defendant Isabella Geriatric Center as a certified nursing assistant shortly after he stated during an August 2011 performance evaluation meeting that defendant Mariam Paul, who was the director of nursing at Isabella, was "very biased" and that he intended to take a copy of his evaluation "to Human Rights." Assuming that plaintiff made out a prima facie case of
retaliation based on these facts (see Albunio v City of New York, 16 NY3d 472, 477-479 [2011]), defendants met their burden of proffering legitimate, nondiscriminatory reasons for the termination (see Bantamoi v St. Barnabas Hosp., 146 AD3d 420 [1st Dept 2017]; Bendeck v NYU Hosps. Ctr., 77 AD3d 552, 553—554 [1st Dept 2010]). Defendants submitted numerous written statements and letters from plaintiff's coworkers to Isabella, spanning more than 10 years, complaining of plaintiff's insubordinate and aggressive behavior in the workplace, which made them feel threatened. He had previously been suspended for such conduct in 2005, and a nursing supervisor also testified that she had to move several staff members to other units, upon their request, as they did not want to work with plaintiff.
In response, plaintiff failed to show that defendants' reasons for suspending and ultimately terminating his employment were mere pretexts (see Bantamoi, 146 AD3d at 421; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 46 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Plaintiff did not attempt to refute any of the evidence defendants submitted, which showed that before he was terminated he had engaged in years of inappropriate behavior in violation of the Employee Handbook.
We have considered plaintiff's remaining arguments, including that further discovery was necessary, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK