S &Y Grace Corp. v Boston Post Food Corp. (2020 NY Slip Op 08016)





S &Y Grace Corp. v Boston Post Food Corp.


2020 NY Slip Op 08016


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 24688/19E Appeal No. 12743N-12744N-12745N Case No. . 2020-01556 2020-01557 2020-01558 2020-01559 

[*1]S &Y Grace Corp., Plaintiff-Respondent,
v
Boston Post Food Corp., Defendant-Appellant, B.P.R. 4000 LLC, Defendant-Respondent. 


Coran Ober P.C., Flushing (Steven T. Beard of counsel), for appellant.
Greenberg Traurig, LLP, New York (Cory Mitchell Gray of counsel), for S&Y Grace Corp., respondent.
Goldberg Weg & Markus PLLC, New York (Helen J. Setton of counsel), for B.P.R. 4000 LLC, respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about May 24, 2019, which granted plaintiff's motion for a Yellowstone injunction, and orders, same court and Justice, entered December 26, 2019, which denied defendant Boston Post Food Corp.'s (Boston) motions to renew or vacate the May 24, 2019 order, to dismiss defendant B.P.R. 4000 LLC's (BPR) cross claim against Boston, and to amend its answer to assert cross claims against BPR, unanimously affirmed, with costs.
Plaintiff demonstrated entitlement to Yellowstone injunctive relief. Although notice of default was given by tenant Boston, rather than by landlord BPR, Boston itself asserted that it had authority under its lease to send the notice of default to plaintiff on behalf of BPR. The Yellowstone injunction served to preserve the status quo while the parties litigated whether Boston was in fact authorized to send the notice of default (Bliss World LLC v 10 W. 57th St. Realty LLC, 170 AD3d 401, 401 [1st Dept 2019]). Contrary to Boston's contention that plaintiff did not timely add BPR as a party, under CPLR 3025(a) plaintiff was entitled to amend its complaint once as of right and serve BPR with the amended complaint in the manner of a summons, and BPR appeared in the action. Accordingly, any delay caused by the clerk's rejection of the filing of the amended summons and complaint was an administrative error which did not affect plaintiff's entitlement to injunctive relief (see SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 729 [2d Dept 2005]).
The motion court properly denied Boston's motion for renewal and vacatur of the order granting the Yellowstone injunction. Boston failed to submit working copies seven days before the argument date as required by the motion court's part rules and failed to set forth a reasonable excuse for its failure. Given this failure, the motion court was entitled to disregard them (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]), although the court noted that Boston was given an opportunity to be heard on the merits at oral argument. Further, nothing in the papers constituted "new facts" that would change the outcome of the original motion (CPLR 5015 [a] [1]; CPLR 2221 [e]; see Jones v City of New York, 146 AD3d 690, 691 [1st Dept 2017]). The denial of reargument is not reviewable on appeal (CPLR 5701).
Turning to Boston's motion to dismiss BPR's cross claims, the motion court properly determined that the lease and notice of default did not constitute documentary evidence warranting dismissal of the cross claims as neither document conclusively disposed of BPR's assertions as a matter of law (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]).
Finally, the motion court properly denied Boston's motion for leave to amend its answer to include cross claims for commercial harassment under Administrative Code of the City of New York §§ 22-902 and 22-903 and for a declaration [*2]that it was entitled to serve plaintiff with the notice of default. The motion court properly determined that none of the allegations in the proposed cross claim, even if true, constituted commercial harassment under the statute, and therefore the proposed amendments were patently devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). The proposed claim for declaratory relief merely sought a declaration of the findings of fact underlying the existing causes of action and therefore was insufficient to state a separate cause of action (see id.; Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 100-101 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020