Tihan v Apollo Mgt. Holdings, L.P. (2022 NY Slip Op 00365)





Tihan v Apollo Mgt. Holdings, L.P.


2022 NY Slip Op 00365


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 152196/19 Appeal No. 15121 Case No. 2021-00637 

[*1]Haldun Tihan, Plaintiff-Appellant,
v
Apollo Management Holdings, L.P., et al., Defendants-Respondents.


Howard Justvig, Fresh Meadows, for appellant.
Morgan, Lewis & Bockius LLP, New York (Brendan T. Killeen of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered January 27, 2021, which granted defendants' motion for summary judgment dismissing the complaint asserting discrimination and retaliation claims under the New York State and New York City Human Rights Laws and Title VII of the Civil Rights Act of 1964, unanimously affirmed, without costs.
Plaintiff, a Muslim man of Turkish origin, alleges that his former employer and supervisors unlawfully discriminated against him on the basis of creed and national origin and retaliated against him by placing him on a performance improvement plan (PIP) and ultimately terminating his employment following his internal discrimination complaint.
With respect to the discrimination claims, defendants proffered legitimate, nondiscriminatory reasons for placing plaintiff on a PIP and later terminating his employment, as his 2015 and 2016 performance evaluations show that he frequently had contentious interactions with colleagues and vendors and that he failed to carry out all the duties of his role (see Stephens v Isabella Geriatric Ctr., Inc., 178 AD3d 478 [1st Dept 2019], lv denied 35 NY3d 914 [2020]; see also Cadet—Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 202-203 [1st Dept 2015]).
Plaintiff failed to raise a triable issue of fact as to whether discrimination played any part in defendants' reasons for their adverse actions against him, under the City Human Rights Law, as the evaluations showed that his work performance was lacking, and there is no evidence that he was treated differently than similarly situated, non-Muslim and non-Turkish employees (see e.g. Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 516 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). Stray remarks about his being a "loud Turk" do not support an inference of discrimination under the circumstances (see Serdans v New York & Presbyt. Hosp., 112 AD3d 449, 450 [1st Dept 2013]). In any event, plaintiff's speculation that discrimination must have been the reason for the PIP and his termination is insufficient to defeat summary judgment (see Basso v Earthlink, Inc., 157 AD3d 428, 430 [1st Dept 2018]). Since plaintiff's discrimination claim fails under the City Human Rights Law, no claim will lie under the State Human Rights Law or Title VII of the Civil Rights Act of 1964 (see Administrative Code of the City of New York § 8-130; Williams v New York City Hous. Auth., 61 AD3d 62, 65 [1st Dept 2009], lv denied 13 NY3d 702 [2009]).
Defendants are also entitled to summary judgment dismissing the retaliation claim because their submissions demonstrate that plaintiff had failed to meet expectations two years in a row before being placed on a PIP and terminated (see Cadet-Legros, 135 AD3d at 206-207). The evidence also demonstrates that the decision to place plaintiff on a PIP was made before he lodged his internal discrimination complaint. Plaintiff failed to demonstrate that defendants' proffered reason for their adverse actions [*2]were pretexts or motivated at least in part by retaliation (see Bantamoi v St. Barnabas Hosp., 146 AD3d 420 [1st Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022