Wells Fargo Bank, N.A. v Hayden (2022 NY Slip Op 00748)





Wells Fargo Bank, N.A. v Hayden


2022 NY Slip Op 00748


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 100036/09 Appeal No. 15212-15212A Case No. 2019-04445 2020-01186 

[*1]Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of June 1, 2004 Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-WMC4, Plaintiff-Respondent,
v
Carol Hayden, Defendant-Appellant, Board of Managers of the Ruppert Yorkville Towers Condominium et al., Defendants. 


Stephen C. Silverberg, PLLC, Uniondale (Stephen C. Silverberg of counsel), for appellant.
Stradley Ronon Stevens & Young, LLP, New York (Adam Weiss of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 19, 2019, which deemed a motion by defendant Carol Hayden as a motion to vacate a judgment of foreclosure and sale, and denied the motion, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 24, 2019, which granted plaintiff's motion to vacate a judgment of foreclosure and sale granted on May 12, 2016, to direct the County Clerk to enter the resettlement of judgment of foreclosure and sale granted on March 13, 2018, and to extend the time in which to conduct a foreclosure sale (the July Order), unanimously dismissed, without costs.
Hayden contends that the sale of her condominium unit was invalid because the July Order was served by defendant Board of Managers of the Ruppert Yorkville Towers Condominium, rather than by plaintiff. Since Hayden failed to raise her CPLR 2220(a) argument below, her reliance on that statute on appeal is arguably unpreserved (see generally Martelly v New York City Health & Hosps. Corp., 276 AD2d 373, 374 [1st Dept 2000]). Nevertheless, Hayden's position is unavailing. The plain language of CPLR 2220(a) requires the prevailing party to file an order only if "a statute or civil practice rule requires such filing . . . in a county other than that in which the order was made," which is not the case here.
Hayden makes no arguments as to why the 2016 judgment should not have been vacated, why the 2018 resettlement should not have been entered, or why plaintiff should not have been granted 120 days to hold the sale. Hence, she has abandoned her appeal from the July Order (see 400 E. 77th Owners, Inc. v New York Eng'g Assn., P.C., 122 AD3d 474, 475 [1st Dept 2014]).
Moreover, Hayden's appeal from the July Order does not bring up for review prior orders in this action, because it is not "[a]n appeal from a final judgment" (CPLR 5501[a]; see also Crystal v Manes, 130 AD2d 979 [4th Dept 1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022