255 Butler Assoc., LLC v 255 Butler, LLC (2022 NY Slip Op 05066)

255 Butler Assoc., LLC v 255 Butler, LLC

2022 NY Slip Op 05066

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2018-12445
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, respondent,
v
255 Butler, LLC, et al., appellants.

Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander and Eli Feit of counsel), for appellants.
Sills Cummis & Gross P.C., New York, NY (Mitchell D. Haddad, Lonuzzi & Woodland LLP [John Lonuzzi], and Susman Godfrey LLP [Jacob W. Buchdahl and Cory Buland], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated September 12, 2018. The order denied the motion of the defendant 255 Butler, LLC, to vacate a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630).
ORDERED that the appeal by the defendants Ariel Akkad, Nathan Akkad, Solomon Akkad, and Benjamin Akkad is dismissed, as those defendants are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TVB, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed on the appeal by the defendant 255 Butler, LLC; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2013, the defendant landlord, 255 Butler, LLC (hereinafter the landlord), entered into a commercial lease with the plaintiff tenant, 255 Butler Associates, LLC (hereinafter the tenant), relating to certain real property located at 255 Butler Street in Brooklyn (hereinafter the lease) (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 649, 650). The lease recited that it was the tenant's intention to convert the property "into a multi unit property, which may include a hotel."
On July 27, 2015, the landlord served the tenant with a "Notice to Cure Lease Default," alleging several defaults, including that the plaintiff failed to "diligently pursue" the planned conversion (see id. at 650). The landlord demanded that the tenant cure all violations of the lease on or before September 1, 2015, and stated that if the defaults were not cured by that date, the landlord would have the right to terminate the lease (see id.). On September 11, 2015, the landlord served a "Notice of Termination of Tenancy" on the tenant, which stated that the tenant failed to cure all of the alleged defaults and that the lease would be terminated effective September 30, 2015 [*2](see id.).
On September 21, 2015, the tenant commenced this action seeking, inter alia, a declaration that it had not defaulted under the lease. It also moved for a Yellowstone injunction protecting its leasehold interest in the subject property (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630), which was granted (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d at 650). In a prior decision and order, this Court determined that the tenant's application for Yellowstone relief was timely (see id. at 651). The landlord moved to vacate the tenant's Yellowstone injunction. The Supreme Court denied the landlord's motion.
"[A] Yellowstone injunction stays only the landlord's termination of a leasehold while the propriety of the underlying default is litigated. Significantly, a Yellowstone injunction does not nullify the remedies to which a landlord is otherwise entitled under the parties' contract" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514-515; see Xiotis Rest. Corp. v LSS Leasing Ltd. Liab. Co., 50 AD3d 678, 678-679). Instead, "[a] Yellowstone injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d at 514; see Korova Milk Bar of White Plains, Inc. v PRE Props., LLC, 70 AD3d 646, 647).
"'To obtain a Yellowstone injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises'" (Good Fortune Rest., Inc. v Kissena Group, LLC, 185 AD3d 1013, 1013, quoting Barsyl Supermarkets, Inc. v Avenue P Assoc., LLC, 86 AD3d 545, 546; see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d at 514).
A motion to vacate or modify a Yellowstone injunction "is addressed to the sound discretion of the court and may be granted upon compelling or changed circumstances that render continuation of the injunction inequitable" (456 Johnson, LLC v Maki Realty Corp., 177 AD3d 829, 830 [internal quotation marks omitted]; see Medical Bldg. Assoc., Inc. v Abner Props. Co., 186 AD3d 407, 408; see also S & Y Grace Corp. v Boston Post Food Corp., 189 AD3d 720, 721; Wynkoop v 622A President St. Owners Corp., 169 AD3d 1106, 1109). Here, the landlord failed to point to any compelling circumstance or new evidence which would warrant vacatur of the Yellowstone injunction. Consequently, the Supreme Court properly denied its motion to vacate the Yellowstone injunction (see Medical Bldg. Assoc., Inc. v Abner Props. Co., 186 AD3d at 408; 456 Johnson, LLC v Maki Realty Corp., 177 AD3d at 830).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court