Caputo v IESI NY Corp. (2024 NY Slip Op 03227)

Caputo v IESI NY Corp.

2024 NY Slip Op 03227

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 150594/18 Appeal No. 2497 Case No. 2023-05191 

[*1]Frederick Caputo, Plaintiff-Respondent-Appellant,
v
IESI NY Corporation, et al., Defendants-Appellants-Respondents, Waste Connections, Inc., Defendant.
IESI NY Corporation, Third-Party Plaintiff-Appellant-Respondent,
v
Frederick Caputo, Third-Party Defendant-Respondent-Appellant, Century Waste Services, Third-Party Defendant.

Littler Mendelson, PC, Fairport (Jessica F. Pizzutelli of counsel), for appellants-respondents.
Lubelsky & Associates, New York (Thomas J. Sottile of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about August 23, 2023, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claims for discrimination on the basis of disability and retaliation under the State and City Human Rights Laws (HRLs) and tortious interference with prospective economic advantage, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Summary judgment is warranted on plaintiff's discrimination claims because the record contains no evidence that plaintiff's kidney stone or the sick day that he required for treatment played any role in defendants' decisions to increase his sales goals and ultimately terminate him (see Matias v New York & Presbyt. Hosp., 137 AD3d 649, 650 [1st Dept 2016]). Assuming plaintiff established a prima facie case of discrimination, defendants submitted evidence that they increased his 2017 sales goal for the legitimate, nondiscriminatory reason that he had exceeded his 2016 sales goal, which plaintiff does not dispute, and that they terminated him based on his failure to meet the increased goal or properly utilize company sales tracking software, as documented in three warning letters.
Plaintiff points to no evidence showing that these reasons were pretextual or that discrimination was a motivating factor in defendants' actions. The only evidence in the record related to plaintiff's kidney stone are two emails from plaintiff's supervisor, Charles Mahoney. The first commented that the same day of plaintiff's "Kidney Stone episode," plaintiff was "healthy enough to go to the Met/Yankee game" and referred to the Facebook photo plaintiff had posted of himself at the game, and the second, with the subject line "Excessive time off," scheduled a meeting to discuss his recent time off request for his "Kidney stone episode." Plaintiff acknowledged at his deposition that Mahoney sent the emails "because he thought [plaintiff was] being dishonest." Plaintiff's argument that Mahoney discriminated against him based on his perception that plaintiff was disabled because of his kidney stone was not pleaded in the complaint and is, in any event, unsupported by any evidence of discrimination.
Summary judgment is also warranted dismissing plaintiff's retaliation claims because plaintiff fails to raise an issue of fact whether there was a causal connection between his complaint to Human Resources about Mahoney's email and defendants' decision to increase his sales goal and ultimately terminate him. To the extent plaintiff relies on the temporal proximity between his complaint and the increase, a proximity of five months, without more, is not enough to create an issue of fact as to causation (see Bantamoi v St. Barnabas Hosp., 146 AD3d 420, 420 [1st Dept 2017]).
Even if plaintiff made out a prima facie case of retaliation[*2], he fails to rebut defendants' showing of legitimate, nonretaliatory reasons for increasing his sales goal and later terminating him. The evidence shows that goals are based on a variety of factors, including budget, prior performance, and the company's profit targets, and that plaintiff's goal was increased because he exceeded his 2016 sales goal of $4,000 per month by 154%. Accordingly, his 2017 goal was increased by a comparable amount. Company data from 2016—2017 show that five other sales representatives had their goals increased by comparable amounts, including two whose 2017 goals exceeded plaintiff's. Plaintiff also acknowledged at his deposition that he did not meet his sales goals or satisfy the expectations set forth in his warning letters; thus, he fails to show that these reasons were pretextual or that retaliation was a motivating factor in the increase of his sales goals or his termination (see Bantamoi, 146 AD3d at 421).
Because plaintiff never amended his complaint to allege that defendants' counterclaims and third-party claims constituted retaliation for his complaint in this action, he may not raise those allegations in opposition to summary judgment (see Correa v Mana Constr. Group Ltd., 192 AD3d 555, 555 [1st Dept 2021]).
Plaintiff's claims that his supervisors aided and abetted discrimination "fail because plaintiff has no viable discrimination or retaliation claims under either the City or State [HRL]" (Weir v Montefiore Med. Ctr., 208 AD3d 1122, 1123 [1st Dept 2022], lv denied 39 NY3d 911 [2023]).
Summary judgment is also warranted on plaintiff's tortious interference claim. There is no evidence that defendants' letter demanding that plaintiff cease and desist from violating his confidentiality and noncompete agreement caused any injury to plaintiff's relationship with his new employer, Century Waste Service. Plaintiff testified that Century continued to employ and even promoted him, and a Century representative testified that plaintiff's job was never "in jeopardy" as a result of his dispute with his prior employer. Plaintiff also points to no accounts that defendants prevented him from acquiring. Because he is "unable to prove damages," he "has no viable claim under a theory of . . . tortious interference" (Mattesich v Hayground Cove Asset Mgt., LLC, 61 AD3d 487, 487-488 [1st Dept 2009] [internal citations omitted]). Plaintiff may not rely on allegations that defendants' third-party claims against Century amounted to tortious interference because he never amended his complaint to include such a claim (see Correa, 192 AD3d at 555).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024