Landell v Life Bridge Dental PLLC (2025 NY Slip Op 01578)

Landell v Life Bridge Dental PLLC

2025 NY Slip Op 01578

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Kern, J.P., Gesmer, Kennedy, Higgitt, Michael, JJ. 

Index No. 157184/23|Appeal No. 3384M-5484|Case No. 2024-01836|

[*1]Monifah Landell, Plaintiff-Appellant,
v
Life Bridge Dental PLLC et al., Defendants-Respondents.

Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Jackson Lewis P.C., Melville (David S. Greenhaus of counsel), for Life Bridge Dental PLLC, respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered March 12, 2024, which granted defendant Life Bridge Dental PLLC's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's retaliation claims premised upon Labor Law §§ 740 and 741. Retaliatory action is defined as "an adverse action taken by an employer or his or her agent to discharge, threaten, penalize, or in any other manner discriminate against any employee or former employee exercising his or her rights under [the Labor Law], including [ ] adverse employment actions or threats to take such adverse employment actions against an employee in the terms of conditions of employment including but not limited to discharge, suspension, or demotion'' under Labor Law § 740(1)(e). Labor Law § 741(1)(g) further defines retaliatory action to mean "the discharge, suspension, demotion, penalization or discrimination against an employee, or other adverse employment action taken against an employee in the terms and conditions of employment."
Here, plaintiff only alleges she was transferred to a different office rather than the one she requested, singled out for hostile comments, recorded as having an "unexcused absence" when she took a sick day, and reprimanded for lateness and taking a personal call at work because she complained of unsanitary dental practices. However, none of plaintiff's allegations constituted adverse employment actions (see Silvis v City of New York, 95 AD3d 665, 665 [1st Dept 2012], lv denied 20 NY3d 861 [2013]). Plaintiff does not allege that she suffered a reduction in pay, a change in the terms of her employment, or any other material harm or injury sufficient to plead that defendants retaliated against her because of her prior complaints (see id.; Labor Law §§ 740[1][e], 741[1][g]; see also Antonmarchi v Consolidated Edison Co. of New York, Inc., 2008 WL 4444609, *16-17, US Dist LEXIS 75458, *51-53 [SD NY, Sept. 29, 2008, No. 03 Civ 7735 (LTS) (KNF)], affd 514 F Appx 33 [2d Cir 2013], cert denied 571 US 1098 [2013]).
Further, contrary to plaintiff's contention, the recent United States Supreme Court decision in Muldrow v City of St. Louis, Mo. (601 US 346 [2024]), to the extent relevant, did not lower the threshold for retaliation claims to require only a showing of some harm. In Muldrow, which involved a discrimination claim under Title VII, not a New York Labor Law whistleblower claim, theCourt expressly declined to apply the standard plaintiff sets forth. The Court found that it would be a "mismatch" to apply the same legal standard to both retaliation and discrimination claims under Title VII because the standard applicable to retaliation claims was adopted "for reasons peculiar to the retaliation context" (id. at 357). The Muldrow Court found that no such reasoning was applicable to the discrimination claim before it and applied a standard that plaintiff need only [*2]allege some disadvantageous change in an employment term or condition (id. at 354, 357). Here, plaintiff alleges retaliatory conduct which does not rise to the level of conduct defined by Labor Law §§ 740(1)(e) and 741(1)(g).
The motion court also properly dismissed plaintiff's constructive discharge claim. The complaint fails to allege hostile working conditions so intolerable and pervasive that a reasonable person would have felt compelled to resign (see Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637, 640-641 [2d Dept 2017]). Moreover, plaintiff failed to avail herself of a possible transfer to a different office location to seek redress for the allegedly hostile environment following her initial transfer. Plaintiff's failure to do so further undermines her constructive discharge claim.
M-5484 - Monifah Landell v Life Bridge Dental PLLC et al., Motion to file a surreply granted and the attached surreply deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025