Matter of Warneke v Bronx Community Bd. 11

2026 NY Slip Op 02358

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jeremy Warneke, Petitioner,

v

Bronx Community Board 11, et al., Respondents.

Decided and Entered: April 16, 2026

Index No. 817899/23|Appeal No. 6401|Case No. 2025-01037|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Eisner Dictor & Lamadrid, P.C., New York (Aaron W. Gladstone of counsel), for petitioner.

Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for Bronx Community Board 11, respondent.

[*1]

Order of respondent New York State Division of Human Rights (DHR), dated September 14, 2023, which adopted the recommended order of the Administrative Law Judge, dismissing petitioner's familial status discrimination and retaliation complaint, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Wilma Guzman, J.], entered on or about January 3, 2025), unanimously dismissed, without costs.

DHR's determination that petitioner did not experience a hostile work environment is supported by substantial evidence (see Sullivan v New York State Div. of Human Rights, 235 AD3d 549, 549 [1st Dept 2025], lv denied 44 NY3d 909 [2026]). Although the record contains evidence that petitioner's supervisor made negative comments about petitioner's prioritization of childcare responsibilities over work, "[i]solated remarks or occasional episodes of harassment [do] not support a finding of a hostile or abusive work environment" under the pre-2019 standard (Ferrer v New York State Div. of Human Rights, 82 AD3d 431, 431 [1st Dept 2011]; see Pichardo v Carmine's Broadway Feast Inc., 199 AD3d 593, 594 [1st Dept 2021]).

DHR's dismissal of petitioner's retaliation claim was rational. Petitioner's employer, Bronx Community Board 11, did not take any adverse employment action against him following his discrimination complaint to the Bronx Borough President's Office (see Pastor v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 238 AD3d 645, 645 [1st Dept 2025]; Harrington v City of New York, 157 AD3d 582, 585 [1st Dept 2018]). Indeed, in the nine months after petitioner filed his discrimination complaint, he received better evaluations than he had previously and received two raises.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026